Hello, Mr. Crouch and Mr. Rubenwald. Welcome to the Fifth Circuit. I'm Judge Davis, together with Judge Engelhardt and Judge Lippincz, who will be your panel for today. In this case, it is James R. Hester v. Bell-Textron, Incorporated. You may proceed, Mr. Crouch, I think you're first. James R. Hester v. Bell-Textron May it please the court. This case is an interesting employment case. Thankfully, the record is fairly straightforward here, because it's a dismissal on the pleadings of Rule 12b-6. That's highly unusual for this type of case, because this is the type of case where the reasons, the motives frequently matter, not always, but frequently do, and that normally requires that the parties get into the trenches, so to speak, talk to the parties, look at the documents, and figure out what really happened. So what is extraordinary about this case is this is a classic FMLA case. The purpose of the FMLA is precisely this type of situation, where the employer plainly regarded my client, Mr. Hester, a longtime employee who was experiencing medical difficulties, as having some impairment from his medical conditions. The employer said so. The boss basically said, you need to go get medical leave. And so he did that. He was suffering from things that were clearly covered under the FMLA. He was suffering from epilepsy. He was suffering from glaucoma, somewhat visibly so. Apparently, there can be some discoloration of the eyes, among other conditions, from the glaucoma. And so he did that. He talked to the employee assistance people. They put him on medical leave, and then they fired him before the medical leave was up. So that is, of course, problematic. One of the purposes of the FMLA is when employees have medical problems, the whole point of the FMLA is to give them time off to go and work with their doctor and try to resolve the medical problems, seek treatment, get a drug regimen, get a physical therapy regimen that restores them to their health so that they can resume their job. But doesn't this really devolve into an issue of causation about whether he was fired because of the fight with his supervisor or whether he was fired in violation of FMLA? And I understand the temporal proximity here, but he wasn't fired instantly. They waited until he was on the family medical leave to then terminate him. That may ultimately prove fatal at some point in the fact inquiry of the case, but it doesn't seem to me that it's proper to weigh that kind of evidence at the 12B6. It's more of a get in the trenches, let's get to an MSJ at the appropriate point, and then test the facts that have been developed on discovery to make the determination of whether there's causation between the firing and the fight, the disagreement with the supervisor. Or some other type of cause. It's just it doesn't seem appropriate to me that this is a 12B6 weighing of evidence, which is prohibited, actually. It was not converted to a rule of 56. So we look at the pleadings only, and I'm kind of scratching my head over why this was dismissed at this early stage. It just doesn't seem proper. But the neutral reason for the termination was the fight with the supervisor. But I don't know that I've ever seen the neutral reason given while the individual was out on family medical leave at the suggestion of other corporate people. It's a it's a head scratcher to me as to why it was dismissed at 12B6. There seems to be an awful lot of water that needs to go under the bridge if they ever get the dismissal. Is that basically what you're saying, the causation issue needs to be explored to see whether it was a pretext and all of the large number of things that apply to an FMLA case? Right. So I think conceptually, the way I look at it is the plaintiff is for 12B6 purposes. Have I set out a prima facie case? And I think clearly that I have for several reasons, because under the interference arguments, the prima facie case, my burden is to show he took leave. He was entitled to leave. And then they fired him while he was out on leave. He's got a right under the FMLA to reinstatement to his position. And the employer then the employer wants to come in at that point and say, well, we have an affirmative defense. We would have fired him anyway when he returned because of the fight with the supervisor, because he wasn't doing his job, because we didn't think he would be able to do his job because of his medical condition. If that's what they say the reason is, whatever the reason is, and then we get into this pretext argument and we get into is that a facially neutral reason, I would argue it's not necessarily because if they are writing him up for something that is essentially him opposing being discriminated, being treated differently for other employees who don't have medical conditions, who aren't regarded as likely as needing to go out on medical leave. That could be protected conduct within reason. Right. I mean, if he if he if he strikes the employer, then, you know, that's probably not protected. But if he says, I don't understand why you're writing me up, because the whole purpose of this test is to test the part to failure. All the other employees, you know, test the part to failure. Why am I being singled out? That's probably protected conduct, or at least arguably it could be. But that's all in the trenches stuff. All that, you know, we come with a full record on summary judgment. But at the at the early stage, at the 12 B6 stage, I think all I have to do is say he was fired while he was out on leave and he that's protected. He has a right to be reinstated to his position. And I don't have a duty at the pleading stage to plead a negative affirmative defense that the employer has to come forward with evidence and articulated an answer. There's not even an answer in this case at this point. So I think it's it's way premature to dismiss this at the 12 B6 stage without even an answer, without a scrap of evidence or even explanation from the other side. Thank you. So that's kind of it in a nutshell. If there are any other questions, I'd be happy to respond to it. But this is the situation where the I'm sure you wish every case the record were this simple. Literally, you look in a situation like this, you look at the First Amendment complaint and see what the allegations are. The opinion by the judge is three or four pages. So we've outlined the cases. We think the case law is fairly clear here that So what can the employer do while an employee is on family leave under the statute? What can the employer do? Can the employer advise the employee that he will be paid? They will honor all of the leave time, but that on the day he comes back, there is no more job for him. Would that in and of itself be a violation or is the employer completely frozen out of any type of negative adverse action against an employee while the employee is out? Well, I think it's hard to debate this in the abstract because I think the employer does have certain obligations while the employee is out. Things like maintaining his health insurance coverage, at least for the duration of the 12 weeks. If this were a situation where there was a plant closing because of COVID, the entire shop is closed down, then the employer would set up an argument that you would have lost your job anyway. We wouldn't have reinstated you because the whole plant shut down and half the workforce was laid off. But that's really an affirmative defense. I didn't mean it to be so much in the abstract as focusing on paragraph 4.06 of your amended complaint. It says plaintiff called MetLife Insurance after the call in which he was advised he was terminated. And they informed plaintiff that he still had 5.4 weeks of FMLA in the year to care for his wife and for his own medical needs and an additional 12 weeks in the coming year. So I guess getting back to my question, maybe putting a little finer point on it, and I realize that your complaint, which is the only operative pleading here, says that he was terminated by telephone on December 6, 2018, but he got all the benefit of the FMLA through the 12 weeks that he was entitled to. Is that correct? That is not what we're alleging. What we're alleging is normally this kind of decision happens at the expiration of the FMLA leave. What makes this case unusual is they fired him while he was out on FMLA leave. So that presupposes they didn't reinstate him in the middle of the leave. That presupposes they would not have reinstated him at the end of the leave. And either way is unlawful under the act. He had shown up on the very first day that he was expected back. And they then advised him, hey, look, we've been looking at all of this. That's what happened prior to your leave. And we've just decided that we no longer wish to have you as an employee. That would be in the clear. Is that based on your understanding? That's typically going to be a fact question. Right. So this played out very instructively in the Nero case. The company said, well, we made the decision to replace you as the plant manager before you had the heart attack. And so we couldn't have factored in the FMLA leave that you took when you had the heart attack. But before we told you we were going to fire you and and therefore we couldn't have discriminated against you. You would have lost your job anyway. So that was their argument. The jury said, well, wait a minute, because the employee said not so fast. They found some discrepancies in the documentation that maybe the documentation had been altered and maybe they hadn't made the decision until after the heart attack and that the jury verdict in that case was upheld. They said there's a disputed fact issue as to whether or not you made the decision after the heart attack. If you made the decision after the heart attack and the FMLA leave, then using the FMLA leave, that could have been one of the factors in determination and therefore the verdict was upheld. So it all gets into the facts. But typically what we see in this situation is some sort of articulation that the stuff that happened before either the leave or the need for the leave was identified was the reason for the termination. But again, it goes to the nitty gritty that usually happens. We flush that out in discovery and then they try some sort of a summary judgment motion or we or we play it out in front of the jury. And it's an affirmative defense. Would the employer have fired them anyway, regardless of the FMLA leave? But never, almost never does this play out on a 12 v six motion. The fact that they didn't hire him back after what is clearly an FMLA leave, a protected leave. That's just that's just a per se violation. That's the whole point of the statute. You have 12 weeks. Go to the doctor, try and get this stuff figured out and then come back to us. So as I understand it, the altercation between your client and the supervisor over the failure of the part that was being tested was not the firing was not contemporaneous. So you have the temporal proximity of the event and then the FMLA leave and then the firing in that sequence. Now what the actual dates are, I don't know. But it looks like that you've plausibly alleged interference with his FMLA leave in that timeline that I just illustrated, whether it ends up being sustained or approved or whatever in later motion practices currently unknown. But it seems to me it's a plausible interference with his rights under FMLA, even though, as Judge Inglehart said, he got all of his leave that he was entitled to under FMLA. When I first read this and I saw that he was fired while he was out on leave, it's like waving a red flag. There's something amiss here. I wonder what it is. But that's a fact inquiry. It's not an inquiry as a matter of law on a 12 v six. I understand your argument. Is that correct? There's some causal something is going on with the linkage between the serious health condition and the need to let medical leave and the termination in the middle of the medical leave before the health condition had been fully addressed. So it looks like a causal connection to me. Again, this is something that is typically flushed out in the discovery process. We look at the documents, we talk to the witnesses, and then we revisit this sort of thing, typically at a summary judgment stage, but never, ever at a motion to dismiss when there's a clear violation of the right to be restored to the job. Thank you. Thank you. Are there any other questions? I think my 15 minutes are about up here. Yes, that's it. Thank you. That's correct. Reggie Rutherford. What do you have to say about? Yes. May it please the court and counsel. I'm Jay Rutherford and I represent Bill Textron, the aptly in this matter. The trial court was correct to grant the motion to dismiss appellants amended complaint. Approval of FMLA leave does not guarantee an employee employment for a specific term or duration and Texas is still an at will employment state. In this somewhat unusual case, Mr Hester actually pleaded multiple facts that refute the notion that he was terminated in violation of the Family Medical Leave Act. When when was the decision made to terminate this employee? There's got to be some record your client has that on such and such a day, person a met with persons B and C and said, you know what? This employee is not a good employee because of all of these reasons. So today's the day we decide that we no longer wish him to work here. What's the day of that? Well, it hasn't been pled your honor. I mean, I know the date. If you want me to answer that, I can. It's the decision. The date he's pled is the date he was told he would not know he hasn't done discovery. He would not know when the decision was made, but he does plead the date he was old. He no longer had a job. And that's all he has to plead in terms of his claim. So so my point is, was it before he went on his leave or was it after he was on leave? No, your honor. It was it was after it was after he was escorted off the property because he was protesting the review. But before he went on leave. Well, before he went on family and medical leave. Yes, he immediately was placed on continuous medical leave to go to the employee assistance program that he was required to because of his blow up because of the final warning. But they didn't tell him that he was fired after that incident. They didn't tell him. In fact, what they told him was, hey, you need to go on medical leave. In fact, even the HR people were involved in advising him to go on leave. Why did no one tell him the complaint lays out a timeline? And I guess it's a little confusing that if you're telling us that the employer decided to terminate him, told him to go on leave, let him go on leave for at least half of the time he was entitled to. And then call him up while he's on leave and actually execute determination. That seems a little, um, just in terms of pleading, just in terms of the amended complaint that seems to fly in the face of the statute. Well, your honor, I don't think it does. If you look at the statute and the regulations and the way that they are worded, they're crystal clear that the employee has to plead entitlement to the job. And in this particular place, he hasn't played that he was entitled to the job and a reasonable inference from the facts in the complaint or such that it was more likely he was terminated because of his conduct and his performance that he pled and not the league. I agree that this is an unusual case because of the plaques that the facts that have been played here. Mr. Hester has actually pleaded facts that he had poor performance issues, had a bad review, had a final written warning, and then protested that final written warning so much that he was escorted off the property. And then he has also pled facts that show that bail tried to help Mr. Hester out by suggesting that he take short term disability by suggesting that he take go through this employee assistance program and even suggesting that he go on this continuous medical leave and giving him the family and medical leave. But the family medical leave does not prohibit or tie up an employer's hands and make it a strict liability case where you can never, ever terminate somebody on family medical leave. And because of the flat, the facts in this case that show the poor conduct, the poor performance of the employee and also show that bail was trying to help him. Why would they try to help him and help him get laid and then turn around and fire him? It's real similar to what this court's precedent is in a same actor defense, where if somebody hire somebody that's in a protected category, they don't turn around and fire. There's a presumption that they don't turn around and fire that person just because of the protected category. If somebody is over 40 and you hire them when they're over 40 and I make the decision to fire them when they're 45, there's the presumption that I didn't intend to discriminate because of the age. And the law is quite clear that it's not a strict liability statute. You shouldn't have a strict liability statute based on this court's decision in Shirley that made it crystal clear that it's not strict liability. Surely also made it clear that the FMLA does not expand rights past those within the statute. And you've got to summary judgment case, though, isn't it? Yes, I agree. But in this particular case, the facts that have been played are so unique to this particular case. That the judge could make a reasonable inference that it was more likely that the reason was termination because of the conduct and performance that the plaintiff pled, especially when the only evidence, the only link that the plaintiff pled in this particular case was the timing of the termination. There's no other evidence of that. He talks about the medical condition, but he didn't have an ADA claim. He talks about the fact that that he had grand mal seizures, but it was 14 months after his last grand mal seizure before he got the bad performance review in 18 months after he was terminated. All of what you allege are fact based inquiries that need to be fleshed out in the record. Have you even filed an answer? You're still operating purely on the motion for 12 v six. That's your correct honor. No answer has been filed. And I would say, typically, in a typical scenario, you would be absolutely right. But here flat facts pled by the plaintiff are taken is true. And we're taking in the court took the facts pled by the plaintiff and saw no causal link between his leave and his termination. So your contention is merely that Bell Textron that firing him during his family medical leave was simply bad form without potential consequences. And that those consequences, because they're causally related or unrelated, don't know at this point. But the timing on its face appears to be suspect. Deserving of more information and to go further down the road, which ultimately may be fatal to the plaintiff's claim, but maybe of the type that should be investigated and the subject of discovery in such unique circumstances. But I don't know of many instances, and I sit on the district bench. I'm by designation today where I've seen an employer in employment cases fire somebody while they're out on medical leave. And the issue is, is that just bad form? Is it just a matter of timing that was already in the works? Is it a matter of this, that or the other? And those deserve to be fleshed out and discovered in order that the prima facie case of the timeline that's contained in the complaint can be the verified or overturned. And we go back to the neutral reason for the employees firing. All of that seems to me to be heavily fact-based, fact-based in nature, which lends itself more to a Rule 56. And you didn't attach affidavits or anything else to try to convert it to a Rule 56 at the early stage, which is possible, not advisable, but certainly possible. I just think that there's so many unanswered questions, and the facts as you've described them to us in your argument today raise some flags in my mind about what needs to be proved, what timeline actually exists, and who did what, where, and when. And I think the uniqueness of the case actually works against you. But that's why we're here, to hear the oral arguments about why this is a 12B6 proper grant of a dismissal versus maybe this one ought to go a little deeper into factual detail. That's my concern. Well, this particular case, Your Honor, the facts that were pled by the plaintiff are such that he hasn't pled entitlement. And the case law in the FMLA requires he plead that he was entitled to the job. And his facts show that he may not have been entitled to the job just because he was at only—he's got to prove that he was—or plead that he was entitled to take the leave. He's not pled that. The only evidence he has connecting the two is that he was terminated in close proximity. And this circuit has made it crystal clear that close proximity is not enough, especially when his own pleadings in this particular case show bad conduct and actually show the reasons that he was terminated, and it shows reasons that Bell was trying to help him out and was not taking any adverse action against him because of the leave. Why would they put him on leave if they wanted to interfere with those rights? So I think the facts are very unique in this case. You said, Your Honor, that you haven't seen a case like this. I haven't seen a case like this in my years of practice either. But I think the facts on this particular case are such that the trial court, Judge Pittman, was right in saying there's no causal link between any leave activity and the termination. In fact, the bad review and the protesting of the final warning and being escorted off the property occurred before any leave was taken whatsoever. So if it was taken before any leave so ever, there's no connection between the leave and the termination other than the fact that he was on leave when he was terminated. And this is not a strict liability statute. Shirley made it crystal clear that this was not a strict liability statute. And if you make it a strict liability, let's take an extreme example. Let's say an employee is placed on family and medical leave, and while he's out on leave, he comes in and threatens people and starts shooting people. Is the employer prevented from terminating that employee because he was out on leave? I don't think so. I don't think that's what the FMLA requires. And here it may not be that extreme, but when you look at all the facts and when the court looked at all the facts pled by the plaintiff showing the bad conduct, the bad performance, and all of that occurring prior to the leave being taken, then the court and no other pleading whatsoever showing he was entitled to the job or that there was any other evidence whatsoever that there was an intent to discriminate or retaliate because of the FMLA, the court said he's failed to state a claim. In my neck of the woods in Shreveport, my concern is that the ruling doesn't pass the smell test under the uniquely pleaded facts. I went to school in Dallas-Fort Worth. I'm not sure your dog hunts. I mean, there are all sorts of old adages for describing this. But I think that this is one that may be deserving of further illumination because they may be precisely the way that you allege. It may be exactly in that order and it may be fatal to his FMLA claim. I just have difficulty under the timing of the circumstances as pled that this is a 12B6 motion that should have been granted. That's my concern. Yeah, I understand that. And I would agree with that on most cases, Your Honor. But I think here the plaintiff had a duty in one or two of the times that they amended the complaint to have some causal link, something in there to show a connection. And there's no connection whatsoever other than he was on leave. And if that's enough, we're making this a strict liability statute, which surely says we're not supposed to do. I understand your argument. You've argued very well. Thank you. Any other questions? I'd like to make one comment in closing. The outcome appellate seeks would expand the FMLA's interference and anti-retaliation provisions through judicial interpretation. The result would be at odds with the text of the act and the regulations, which are clear and unambiguous. That result would also be at odds with the precedent of this court. Respectfully, this court should refuse to fashion a new rule that would set aside the plain meaning of the statute to allow plaintiffs to bring FMLA claims any time they are terminated during FMLA leave. The trial court was correct. The dismissal with prejudice should be affirmed. Thank you. Sure, there were several statements in there that not surprisingly, we disagree with. Mr. Rutherford led with the argument that this does away with at will employment. Obviously, we disagree completely. Nothing in at will employment says that you can fire people for illegal reasons. That's just the general rule of thumb. Obviously, Congress passed the FMLA and that's an illegal reason to fire someone. So I don't think that that helps the analysis here. So this notion that because the plaintiff repeats in the pleadings a reason said to him by the employer, which the plaintiff says, no, that's false. Here's why. The notion that you should take the pleadings and take the reason that the employer says, that's why we did it. But the employee says, no, that's pretext. And here's why. Taking the employer's version written out in the complaint as gospel truth without making the employer articulate it in an answer subject to the restrictions of Rule 11, the duties of Rule 11, without making them come forward with an affidavit, without making them produce any documents, the sorts of things that would be required under Rule 56 motion. It's just it's contrary to the greater jurisprudence of employment law. I mean, typically the way this this works is except in the direct evidence cases where the employee, the employer just tells them the illegal reason. Usually the way this works is we look at under the McDonnell Douglas standard. Is there a prima facie case? If there is. All right, employer, tell us why you did what you did. And then the employee gets the chance to say, well, all right, well, why is that pretext? Why should we disbelieve? But all that happens at later stages. All that assumes that there's an answer. They articulate the reason. All that assumes there's discovery and an opportunity to disprove the reason. None of that happens at a Rule 12B6 date. Let me interrupt you and let me ask you a two part question. Had your client not pled the allegations of the fight, would the employer even be able to raise a 12B6 under the remainder of the allegations? That's kind of part one. And part two is this. Why would we punish a plaintiff for telling the whole story that led to him being fired in the initial round of pleadings without an answer, without issues being joined, so to speak? That's my concern. And I don't know why you would punish a plaintiff at this stage for telling his perception of what happened. Whether or not that has the legal consequence of dismissal with prejudice seems to be a pretty rough outcome. But could you address that? I mean, if you had just done basic Iqbal and Twombly notice type pleading that's required now without pleading the fight, I'm not sure we'd be here because it would raise enough issues to get past this stage. Exactly. So I think it's not a good precedent to set to try and tell plaintiffs don't even plead this stuff because it might be used against you. I think the whole purpose of the pleading is these are what the allegations are and we dispute it. I mean, it seems if you look at what the statements from the employer, you also have to look at the pleading from the employee that says we absolutely dispute this was a reason because other employees are being treated differently from my client and therefore we dispute it. It's anticipating all the stuff that will come afterwards, but it certainly shouldn't bar my client from the courtroom bar from discovery and figuring out what the facts are. So I think it's terrible policy to try and assume because you spell out what the employer said, even though you could dispute it, that that somehow bars you from the courthouse. I don't think that's the law. I think that all we need to do at the pleading stage is set forth the issues and put forth a plausible set of facts that would give rise to a claim for relief. Firing him while he was out on leave sets up a plausible violation of the FMLA. That doesn't prevent the employer from coming in and saying, well, wait, we have an affirmative defense. The reason was because he argued with his boss about this. But even if they come in without reason, that's not the end of the inquiry. There's a fact dispute. Was that the real reason? There is a legal dispute. If my client was opposing discriminatory treatment, is pointing to that as the reason for the termination. Is that in itself protected conduct? It sure might be, but we need to get some discovery and talk to the witnesses and look at the documents to figure all that out. Thank you very much. Thank you for your attention. It's a case to be taken under the Bible. And we'll call the final case for the day.